[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14560
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03206-ODE


MARQUIS K. PASCHAL,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 25, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Marquis K. Paschal, an African-American part-time supervisor at United Parcel Service, Inc. (UPS), appeals from the district court's grant of summary judgment in favor of UPS in his employment discrimination suit, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).  Paschal argues the district court erred in determining that UPS offered a legitimate, non-discriminatory reason for failing to promote him to a full-time supervisor position and choosing a Caucasian candidate instead, namely, that UPS did not consider him for the promotion because his required paperwork for the promotion process was not completed.  Paschal also asserts the district court erred in determining he did not show that UPS's proffered reason was pretextual.  He contends he was not required to present evidence beyond that used to establish his *prima facie* case of discrimination because UPS promoted employees through a secretive, informal process.  After review,[1] we affirm.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796 n.4 (1973).  When a plaintiff offers circumstantial evidence of discrimination, we

---

[1] We review an order granting summary judgment *de novo*, construing all facts and drawing all reasonable inferences in favor of the nonmoving party. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291-92 (11th Cir. 2012).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

apply the burden-shifting framework articulated in *McDonnell Douglas*. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Under this framework, if the plaintiff establishes a *prima facie* case of discrimination, and the employer "articulat[es] one or more legitimate non-discriminatory reasons" for the adverse employment decision, the plaintiff must then show that the stated reason is mere pretext for unlawful discrimination. *Id.* Specifically, to overcome a motion for summary judgment, a plaintiff must put forth evidence sufficient to allow a reasonable fact finder to conclude that the employer's proffered reasons were pretext. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir. 2000) (*en banc*). A plaintiff can do so directly, by persuading the court that a discriminatory reason more likely than not motivated the employer, or indirectly, by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Alvarez*, 610 F.3d at 1265 (quotation omitted).

Assuming Paschal established a *prima facie* case, the district court did not err in determining that UPS proffered a legitimate, non-discriminatory reason for not considering Paschal for the full-time supervisor promotion, namely, the fact that UPS did not have Paschal's completed promotion paperwork on file. Thus,

3

the burden then shifted back to Paschal to show that UPS's reason was mere pretext. *See Alvarez*, 610 F.3d at 1264.

As an initial matter, Paschal's own evidence makes clear that Robert Wahnschaff, the employee promoted to full-time supervisor, complied with UPS's Management Assessment and Promotion Process (MAPP), which was UPS's procedure for promoting employees to full-time management positions. Construing the facts in the light most favorable to Paschal, Paschal submitted his MAPP paperwork to Virgil Tindal by email, and at some point, his paperwork was lost. However, Paschal has provided little evidence other than affidavits based upon personal belief and opinion that there was any deliberate, discriminatory reason for losing his paperwork. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (explaining mere conclusions, unsupported factual allegations, and statements in affidavits based in part on information and belief cannot raise genuine issues of fact, and, thus, are insufficient to defeat a motion for summary judgment). Charles Inman's affidavit corroborated portions of Paschal's affidavit, including Paschal's conversation with Tindal in which Tindal reassured Pascal that his MAPP paperwork had been submitted. Although Inman's affidavit lends support to Paschal's recollection of the conversation with Tindal, this evidence does not tend to show that Paschal's paperwork was lost or misplaced after Tindal

4

submitted it to human resources for a discriminatory reason, and, thus, fails to show pretext.  *See Alvarez*, 610 F.3d at 1265.

Paschal also has pointed to no weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in UPS's proffered reason for not hiring him.  *See id.*  UPS has consistently presented the same reason for not hiring Paschal because, as noted in Paschal's EEOC charge, UPS managers told him from the beginning that the MAPP paperwork issue was why he was not considered for the promotion.  At most, the evidence suggests that Paschal's paperwork was lost, and he offers no evidence for his conclusory assertion that UPS lost other African-American employees' paperwork, such as affidavits or testimony from those other African-American employees.  Paschal's argument that he was not required to cast doubt on UPS's argument is also without merit because MAPP was not a secretive promotion procedure.  *See Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 798 (11th Cir. 1988) (noting informal, secretive hiring or promotion processes tend to facilitate the consideration of impermissible criteria).  The undisputed record makes clear that all employees were told about MAPP and how to comply with MAPP.  As Paschal has failed to show UPS's legitimate, non-discriminatory reason for failing to promote him was mere pretext, the district court did not err in granting UPS's motion for summary judgment.

**AFFIRMED.**

5